On behalf of Kenneth Charles Rowe, I'm here from the Federal Defenders of Montana in Great Falls. Your Honors, there are two issues here. First issue is whether the second count of an abuse of sexual contact is a lesser-included offense. The district court was correct under Hosea 425 at 1247, which allows the district court to instruct the jurors on both the lesser predicates as well as the greater charge. And the court did this correctly. But we have this court's precedent as well as the Supreme Court's precedent that guides us into determining what happens after a person is convicted of both counts. And under Hosea, under U.S. v. Torres, under U.S. v. Garcia from the Ninth Circuit, Supreme Court cases, Rutledge and Ball, all say that the second count, the lesser count, must be vacated. Can I just get a clarification? Some of our cases approach this in terms of entitlement to an instruction. Are you arguing, there was no objection to any of this, so we're under plain error, correct? Yes, sir. Okay, so are you arguing that there should have been an instruction or that at the end of the process, looking back, it is clear that there was enough evidence in the case to suggest a lesser-included offense? There certainly was enough evidence to offer a lesser-included offense based upon what a rational fact-finder could find. The problem I'm having, just to put it up front, is that we know the jury, I know you're challenging whether there was, in fact, substantial injury, that's the other argument you're making. But the jury found that there was, which suggests that they weren't buying your client's version of events, which is that he simply rubbed the outside of her clothing or the external area. There was no penetration. There was no... You didn't mention the skin-on-skin contact. Right, skin-on-skin, but still, without any kind of penetration, and yet the jury found that there was, in fact, abrasion and, well, found injury. So how do we factor that in? Doesn't that suggest that they didn't find, didn't buy your client's story of events, and therefore, it's straight-up penetration, and that the lesser-included offense just wouldn't be appropriate under these circumstances? You know, that question is also a question I had, and in reading the Torres case, United States v. Torres, it is very distinguishable from this case. In the Torres case, it said that because there was penile penetration, or any type of penetration, in Torres' case, it was penile penetration, that a lesser wasn't to be given, because there was absolutely no evidence from Mr. Torres that there was any other type of penetration. Mr. Torres' argument was, it was clearly that there was no sexual contact whatsoever. In our case, it's distinguishable because... I'm sorry? He was a liar. Mr. Torres? Yeah. Well, I don't know about that, Your Honors, but I know that Mr. Torres wasn't a liar. He admitted what he admitted to Mr. Smidalla, Agent Smidalla, and what he testified to in court, that he did have skin-on-skin contact, but no penetration. So there is enough evidence for a rational fact-finder to find that. But the jury might not have believed that. Well, sure, but I... I mean, it's one thing to admit something that doesn't make it necessarily true. That's true, but I'm talking about in the context of being able to get a lesser included instruction, or being able to argue that, in fact, the second count is a lesser included. That, in fact, unlike Torres, where there was absolutely no evidence of any other type of contact besides penetration, in our case, there was at least some evidence, whether it was believable or not. All right. So given that, is it your argument that the plain error was failure to instruct? So before the jury came back with its finding, that's all we look at? Or do we take into account the jury actual finding as to the injury? Well, I believe that the district court, because there are two counts, what we did factually is focused on getting a conviction on the second count, not the first count. Under the guidelines, there would have been probably a cross-reference to an aggravated, and under the definition of sexual act, in fact, there would be a cross-reference under 3A1.2. So there would have been the enhancement anyway. So our take on it at trial was to focus on the skin-on-skin contact, because that's what he admitted to, to the police, and try to somehow impeach the girl, impeach her little brother, and also impeach Dr. Ra, who talked about some physical injury with the school of discovery there. So they have a very vivid description as to what happened. Yes. And as a result of that very vivid description as to what happened, they determined there was penile penetration. Yes. Now, how are we to say that there wasn't? Well, there may have been penile penetration, but not by my client. I mean, my client was adamant that he touched her, and that was it. But couldn't the jury not believe him? Sure, sure. But all we're asking for in the context of a less-concluded instruction argument, under Jose, under Torres, under Garcia, is that because there was enough evidence, and under the Blockberger test, and its progeny, such as Waylon, there's enough evidence to at least, if there wasn't a second count, then I would submit to the court we would certainly be able to argue that a lesser-included instruction should have been given. Because there was a second count, we didn't need to ask for a lesser-included instruction, because, in fact, we had the second count to hold onto, to argue, as if it was a lesser-included instruction, which is exactly what we did. That's why I'm having trouble understanding. I can understand if at the front end of the case, before the jury has come back with a verdict, you want to be able to argue to the jury that they, in their deliberations, should come in with the lesser-included offense. No. I'm not arguing that. I'm arguing that county should be vacated. It's going to make the sentence the same. But under Rutledge, you're not entitled to it if it's not a lesser-included offense. I'm sorry? You're not entitled to vacation if it's not a lesser-included offense. But we believe that, in fact, under the Double Jeopardy Clause, if you look at also what the government argued in its closing, it argued which sexual act definition. It didn't argue penile penetration under 2246-2A. It argued 2246-2B. It argued, in fact, hand-to-hand contact. I mean, that's what it argued in closing. So even the government's own argument demonstrates that they were not arguing penile penetration. If it did only, and if there was no other evidence of penile penetration, then we would not be able to ask for, or even get, or even argue that the hand-on-hand contact was a lesser-included offense. We have about two minutes left. Do you wish to reserve? Yes. You may do so. We'll hear from the government. Good morning. May it please the Court? Is the volume okay? The volume's fine. Please identify yourself for the record, Counsel. My name is Marcia Hurd, and I'm an Assistant U.S. Attorney for the District of Montana, and I'm stationed out of the Billings, Montana, office. I am arguing today on behalf of Assistant U.S. Attorney Craig Heller, who tried the case and who wrote the brief. As the Court has noted, there are two issues in this case, and the first issue that has been extensively argued is whether Count 2 is a lesser-included of Count 1. And the United States would submit that, under the facts of this case, it is not, because the government did argue and presented testimony that, in fact, there was penile penetration, which led to the substantial bodily injury to this little girl. And under the case law that's cited even by the defendant, penile penetration cases do not have a lesser-included band of abusive sexual contact. If you were arguing, as Counsel suggested, that the argument made was a reliance on subsection D. If that were true, would that then be a lesser- then there would be a lesser-included offense, correct? I think you're right, Your Honor. But my review of the trial transcript and of the arguments that were made and the testimony that was presented was simply that Mr. Heller was arguing that, even by the defendant's own admission, he had committed an offense, but that the little girl and her brother identified specifically that there was penile penetration and that that was basically corroborated by the medical evidence in the case. And so I think that the testimony was clear and the briefing on appeal was clear, was that the United States was relying on penile penetration. Therefore, there is no lesser-included, and the defendant was not entitled to the relief that he seeks. Although it's unclear, at this point, what relief he seeks. In the opening brief, he basically argued that the court erred in not instructing the jury that they could only find him guilty of one or the other. But yet, in the reply brief and suggested today is kind of a different suggestion that, in fact, what should happen is the sentence on count two and the entire conviction on count two should be vacated. Kind of a different argument than what the argument was before. Either way, this court reviews for plain error because these issues were not raised in any fashion in the district court. And I think that the court has actually hit the nail square in the head here, that the jury did not buy his client's version of the event. Because the other argument that the defendant made was that he had no sexual intent in doing what he did, which would not basically then convict him of abuse of sexual contact, because that requires specific intent. And so he said he didn't know why he did what he claims he did, but that there was no intent involved in it. And the jury obviously found otherwise in the conviction on all three counts, including the count alleging serious bodily injury to this little girl, given the injuries that took place from what it was that Mr. Rose did to her. We believe that there is substantial evidence in the record from which the jury found that the girl's injuries were substantial bodily injury. And, again, since the Rule 79 was not renewed at the end of the defendant's case, you must also review that for plain error, not de novo, as suggested in the defendant's brief. I think in this case the doctor sets forth a very graphic, detailed description of the injuries that he observed on this little girl, which are set forth in the government's brief at page 17. And those injuries included a number of abrasions, some hemorrhaging, and injuries to the little girl that she didn't complain about several days later. And so the government believes that from that evidence, the jury probably found that there was substantial bodily injury. Does the court have any questions with regard especially to the count one, count two discussion? No questions. No questions. Okay, thank you. Thank you. Mr. Arvanites, you have some reservation. Thank you. I appreciate it, Your Honors. Your Honors, clearly in our reply brief we state, and it's the trial record to page 237, it's the government's closing argument. But I want to make sure that I'm clear. It doesn't make any difference for the definition of what a sexual act is or is or sexual contact, whether he used the back of his hand, side of his hand, or the front of his hand. It is still a sexual act regardless of what part of the hand you use. That's the government's own argument. The government can't, you know, on one hand say you can't have this lesser, and on the other hand say that, you know, we can still argue for the definition of sexual act under 2246-2D. It didn't, the thrust of its closing argument wasn't even the definition of penile penetration under 2246-2A. The thrust of the argument was that even the client admitted himself to a sexual act, and therefore that encompasses both count one and it encompasses count two. And Rutledge clearly states that in this case, although the court did not, under Jose, the court can instruct on the lesser predicates. What we'd like this court to do is vacate count two. And unfortunately for Mr. Rowe, who has a 420-month sentence, it's not going to make much difference. But as Rutledge points out, there is still some, how should I say, some reciprocal effect, and that is the assessment fee, that is potential parole, potential impeachment issues. So with that, Your Honors, I rest my case. Thank you. Thank you, counsel. The case just argued will be submitted for decision. We will now hear the previous case on the docket, United States v. Sparrow. Counsel, just for a moment, could I ask the deputy clerk, do we need to do anything else with respect to closing down the video? Should I shut it off? You can just shut it off. Okay.
judges: Ferguson, O'scannlain, Fisher